1  BOIES, SCHILLER & FLEXNER LLP
   JOHN F. COVE, JR. (CA Bar No. 212213)
2  KENNETH F. ROSSMAN IV (CA Bar No. 237558)
   1999 Harrison St., Suite 900
3  Oakland, CA 94612
   Telephone: (510) 874-1000
4  Facsimile: (510) 874-1460
   Email:  jcove@bsfllp.com
5          krossman@bsfllp.com

6  Attorneys for Defendant Northwest Airlines

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **WOODROW CLARK II, JAMES EVANS**, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> **AIR NEW ZEALAND, ALL NIPPON AIRWAYS, CATHAY PACIFIC AIRWAYS, CHINA AIRLINES, EVA AIRWAYS, JAPAN AIRLINES INTERNATIONAL, MALAYSIA AIRLINES, NORTHWEST AIRLINES, QANTAS AIRWAYS, SINGAPORE AIR, THAI AIRWAYS, UNITED AIRLINES,** <br><br> Defendants. | Case No. 07-CV-06357-JSW <br><br> **STATUS REPORT ON ASSOCIATED CASES AND PROCEEDINGS** <br><br> The Honorable Jeffrey S. White |

1   This filing is in response to the Court's request for a status report to supplement the
2   Stipulation Pursuant to Local Rule 6-1 and [Proposed] Order Extending Time to Respond to
3   Complaints in Related Action, Dkt. No. 4 (Dec. 19, 2007).
4   To date, Northwest Airlines and various other airlines have been named as defendants in
5   at least twelve cases, alleging the airlines conspired to fix, raise, maintain, or stabilize fuel
6   surcharges for long-haul transpacific passenger transportation to and from the United States
7   (collectively, "Transpacific Cases").  Each of the complaints in these cases is virtually identical to
8   the others.  The complaints Northwest is currently aware of are:
9   *Adlin, et al. v. Air New Zealand, et al.,* No. 07-6410 EDL (N.D. Cal.);
10  *Ajaye, et al. v. Air New Zealand, et al.,* 07-5911 CRB (N.D. Cal.);
11  *Barton, et al. v. Air New Zealand, et al.,* 07-7392 PSG (PJW) (C.D. Cal.);
12  *Casteel, et al. v. Air New Zealand, et al.,* 07-06343 EMC (N.D. Cal.);
13  *Clark, et al. v. Air New Zealand, et al.,* 07-6357-JSW (N.D. Cal.);
14  *Diller, et al. v. Air New Zealand Ltd., et al.,* 07-6394 MEJ (N.D. Cal.);
15  *Evans, et al. v. Air New Zealand, et al.,* 07-5821 VRW (N.D. Cal.);
16  *Foy v. Air New Zealand, et al.,* 07-6219 EDL (N.D. Cal.);
17  *Kaufman, et al. v. Air New Zealand, Ltd., et al.*, 07-6717 JL (N.D. Cal.);
18  *Maloof, et al. v. Air New Zealand, et al.,* 07-5811 CRB (N.D. Cal.);
19  *Schelly, et al. v. Air New Zealand, et al.,* 07-6071 MMC (N.D. Cal.); and
20  *Wortman, et al. v. Air New Zealand, et al.,* 07-5634 EDL (N.D. Cal.).
21  Plaintiffs in one of the Transpacific Cases, *Wortman*, filed a motion with the Judicial
22  Panel on Multidistrict Litigation ("JPML") for "Transfer and Consolidation of Related Actions to
23  the Northern District of California Pursuant to 28 U.S.C. § 1407" (attached as Exhibit A).
24  Defendants filed a response in which they agreed that transfer and consolidation of the
25  Transpacific Cases in this District was appropriate, and sought assignment to this Court (attached
26  as Exhibit B).  The JPML has scheduled oral argument on the matter for January 30, 2008.
27  Plaintiffs in one of the other Transpacific Cases, *Schelly*, filed a motion to relate the case
28  with the *In re International Air Transportation Surcharge Antitrust Litigation*, No. CV 06-1793-

1

CRB ("Transatlantic MDL") (attached as Exhibit C).  In the Transatlantic MDL plaintiffs allege that various airlines conspired to fix, raise, maintain, or stabilize fuel surcharges for long-haul flights with at least one segment arriving in or departing from the United Kingdom.  United Air Lines, Inc., the sole Defendant common to both *Schelly* and the Transatlantic MDL, opposed the motion on the basis that the Transpacific Cases involved different defendants, different markets, and different alleged conspiracies than the Transatlantic MDL (attached as Exhibit D).  On December 13, 2007, Judge Breyer denied the motion to relate (attached as Exhibit E).

In some of the Transpacific Cases, including this one, the plaintiffs and Northwest and/or some of the other defendants have entered into stipulations that permit the signatory defendants to defer responding to the complaint until 45 days after the JMPL has ruled or until 45 days after filing of a consolidated amended complaint.  Northwest intends to pursue similar stipulations in any other case in which it is served.

Respectfully Submitted,

Dated: December 21, 2007            BOIES, SCHILLER & FLEXNER LLP

By:     /s/ Kenneth F. Rossman IV

JOHN F. COVE, JR.
KENNETH F. ROSSMAN IV
1999 Harrison St., Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460

*Counsel for Defendant Northwest Airlines*