# EXHIBIT "A"

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE TRANSPACIFIC AIR PASSENGER ANTITRUST LITIGATION | MDL Docket No. ____<br><br>Master File No. CV 07-5634 EDL (N.D. Cal.) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS WILLIAM ADAMS, MARGARET GARCIA, AND DONALD WORTMAN'S MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................. 1

II. BACKGROUND .................................................................... 2

    A. The First Transpacific Air Case Was Filed in the Northern District of California .................................................................. 2

    B. The Transpacific Air Case Filed in the Central District of California ......... 2

    C. The Complaint Filed After The *Wortman* Action Contains Substantially Identical Claims ................................................................ 2

III. ARGUMENT ....................................................................... 3

    A. Consolidation and Transfer of the Transpacific Air Passenger Cases is Appropriate and Necessary ....................................................... 3

    B. The Northern District of California is the Most Appropriate Transferee Forum for The Transpacific Air Passenger Cases ..................................... 5

        1. The First-Filed Case and The Number of Underlying Cases Filed Favor The Northern District of California ........................................ 6

        2. The Northern District of California is Convenient to the Parties and Witnesses And Has a Significant Nexus to the Conduct Alleged in the Transpacific Air Passenger Cases ..................................... 6

        3. Docket Conditions for The Northern District of California Indicate That the Transpacific Air Cases Can Be Efficiently Handled .......... 7

        4. Judge Breyer is Already Familiar With The Factual and Legal Issues Likely to Arise in the Transpacific Air Cases ................ 8

IV. CONCLUSION .................................................................... 12

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Barton, et al. v. Air New Zealand, et al.*
   (Case No. CV 07-07392 PSG) ........................................... 2

*In re Aviation Products Liability Litigation,*
   347 F. Supp. 1401 (J.P.M.L. 1972) ....................................... 6

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,*
   228 F. Supp. 2d 1379 (J.P.M.L. 2002) ................................... 4

*In re Ford Motor Co. Speed Control Deactivation Switch Products Liability Litig.,*
   398 F. Supp. 2d 1365 (J.P.M.L. 2005) ................................. 5, 6

*In re Humana Inc. Managed Care Litig.,*
   2000 WL 1925080 (J.P.M.L. Oct. 23, 2000) ............................ 4, 6

*In re Intern. Air Transp. Surcharge Antitrust Litig.,*
   460 F. Supp. 2d, 1337 (J.P.M.L. 2006) ............................. 8, 10, 11

*In re Oxycontin Antitrust Litig.,*
   314 F. Supp. 2d 1388 (J.P.M.L. 2004) ................................... 5

*In re Pharmacy Benefit Managers Antitrust Litig.,*
   452 F. Supp. 2d 1352 (J.P.M.L. 2006) ................................. 5, 6

*In re Polychloroprene Rubber Antitrust Litig.,*
   360 F. Supp. 2d 1348 (J.P.M.L. 2005) .............................. 4, 5, 11

*In re Pressure Sensitive Labelstock Antitrust Litig.,*
   290 F. Supp. 2d 1374 (J.P.M.L. 2003) ............................... 4, 6, 8

*In re Publication Paper Antitrust Litig.,*
   346 F. Supp. 2d 1370 (J.P.M.L. 2004) ................................ 4, 11

*In re Republic National-Realty Equities Securities Litig.,*
   382 F.Supp. 1403 (J.P.M.L. 1974) .................................... 5, 6

*In re Urethane Antitrust Litig.,*
   MDL No. 1616 (J.P.M.L. Transfer Order – June 16, 2005) ............... 5, 6

*Wortman, et al. v. Air New Zealand, et al.,* (Case No. CV 07-5634 EDL) ............ 6

**Statutes**

28 U.S.C. §1407(a) ....................................................... 3

**Other Authorities**

Federal Judicial Center's Federal Court Management Statistics for 2006
    (www.uscourts.gov/cgi-bin/cmsd2006.pl) .............................. 8, 11

*Manual on Complex Litigation, Third*
    ¶ 31.13 at 251 (1995) .................................................. 3

www.flysfo.com/web/page/about ............................................ 7

Plaintiffs Donald Wortman, William Adams, and Margaret Garcia ("Plaintiffs") respectfully submit this Memorandum of Points and Authorities, pursuant to 28 U.S.C. §1407, in support of their motion to transfer and consolidate all pending and future related putative class actions (the "Transpacific Air Passenger Cases") to the Northern District of California and Judge Charles R. Breyer for pretrial purposes with *Wortman, et al. v. Air New Zealand, et al.* (Case No. CV 07-5634 EDL (N.D. Cal.) ("*Wortman* Action"), filed November 6, 2007.

## I. INTRODUCTION

Transfer and consolidation is appropriate here because all Transpacific Air Cases, which are premised on Defendants Air New Zealand, All Nippon Airways, Cathay Pacific Airways, China Airlines, Eva Airways, Japan Airlines International, Malaysia Airlines, Northwest Airlines, Qantas Airways, Singapore Airlines, Thai Airways, and United Airlines illegally fixing the price of air passenger tickets ("Passenger Air Transportation") and fuel surcharges ("Surcharges"), share common questions of fact. Consolidation will convenience the parties and the judicial system. The Northern District of California is the most appropriate transferee forum because in October 2006 the Judicial Panel on Multidistrict Litigation (the "Panel") consolidated and transferred to Judge Charles R. Breyer in the Northern District of California the MDL class action *In re International Air Transportation Surcharge Antitrust Litigation*, an antitrust case also based on allegations of airlines illegally fixing the price of fuel surcharges for air passenger tickets. Since the Panel's October 2006 order, Judge Charles R. Breyer has continued to preside over that case, with the plaintiffs filing a consolidated amended complaint in July 2007. In late-August 2007, Judge Breyer ordered that the Korean Air Cases filed in the Northern District of California be assigned to him as cases related to the MDL class action *In re International Air Transportation Surcharge*. The defendants are due to file their responses in November 2007 and settlement discussions are ongoing.

In addition, the Northern District of California is the most appropriate transferee forum because that district: (1) has the first-filed action against these Defendant airlines; (2) has a significant nexus with the facts giving rise to the cases; and (3) has an eminently qualified judge in antitrust class actions involving passenger air transportation and surcharges.

## II. BACKGROUND

### A. The First Transpacific Air Case Was Filed in the Northern District of California

On November 6, 2007, Plaintiffs filed a class action complaint against Defendant airlines in the Northern District of California. *Wortman, et al. v. Air New Zealand, et al.* (Case No. CV 07-5634 EDL). Park Decl., Exh. A [Complaint].

### B. The Transpacific Air Case Filed in the Central District of California

On November 8, 2007, plaintiffs Andrew Barton and Tracey Wadmore Smith filed an action with similar claims in the Central District of California. *Barton, et al. v. Air New Zealand, et al.* (Case No. CV 07-07392 PSG). Park Decl., Exh. B [Complaint].

### C. The Complaint Filed After The *Wortman* Action Contains Substantially Identical Claims

The complaint in the *Wortman* Action and the subsequent complaint contain substantially identical factual allegations and legal claims. Each of the complaints alleges that: (1) Defendant airlines participated in meetings and otherwise communicated and conspired with competitor airlines to discuss and agree upon rates for Passenger Air Transportation to and from the United States and Surcharges from the beginning of 2004 to August 2007; (2) the Defendants actually implemented and acted to enforce these agreements to fix prices; (3) as a result of the conspiracy, air passengers paid more than they otherwise would have for flights that included transportation to and from the United

States, and for fuel surcharges; and (4) the conduct of the Defendants violated antitrust laws, including the Sherman Act (15 U.S.C. § 1). *Compare generally* Park Decl., Exhs. A and B [Complaints].

Only Plaintiffs in the *Wortman* Action have filed papers relating to requests for transfer of the Transpacific Air Cases. Plaintiffs in the *Wortman* Action seek to have all pending and future putative class actions transferred to the Northern District of California and consolidated with the *Wortman* Action for pretrial proceedings. Transfer and consolidation are appropriate here because the cases involve common factual and legal questions, transfer will convenience the parties and the witnesses, and transfer will promote the just and efficient conduct of the actions. For these reasons described below, the Northern District of California is the best forum choice for transfer and consolidation.

### III. ARGUMENT

#### A. Consolidation and Transfer of the Transpacific Air Passenger Cases is Appropriate and Necessary

28 U.S.C. §1407(a) authorizes the Panel to consolidate and transfer two or more civil cases that are pending in different judicial districts: (1) when the cases involve "one or more common questions of fact;" (2) when such consolidation and transfer "will be for the convenience of the parties and witnesses" and, (3) when such consolidation and transfer "will promote the just and efficient conduct of such actions." The purpose of this statute is to conserve judicial resources, avoid duplicative discovery and inconsistent discovery rulings and schedules, and reduce litigation time and costs. *Manual on Complex Litigation, Third* ¶ 31.13 at 251 (1995).

Here, in order to be found to be related to the *Wortman* Action, future complaints would allege essentially identical facts giving rise to claims based on antitrust violations; namely that Defendant airlines participated in meetings and otherwise communicated and conspired with competitor airlines to discuss and agree upon rates for Passenger Air

Transportation to and from the United States and Surcharges from the beginning of 2004 to August 2007. Each named plaintiff would seek to represent the same class of airline passengers. Each of the cases would be filed against overlapping defendants. Because of these similarities, there will be numerous common questions of fact (and law). *See In re Polychloroprene Rubber Antitrust Litig.*, 360 F. Supp. 2d 1348, 1350 (J.P.M.L. 2005) (price-fixing antitrust litigation with multiple defendants involves common questions of fact); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 290 F. Supp. 2d 1374, 1375 (J.P.M.L. 2003) (same); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 228 F. Supp. 2d 1379, 1380 (J.P.M.L. 2002) (same).

Consolidation and transfer will also convenience the parties and witnesses in these cases because it will result in significant time and cost savings in pretrial proceedings (in particular, discovery, class certification, and other pretrial motion practice), as well as at trial, should that prove necessary. *See In re Polychloroprene Rubber*, 360 F. Supp. 2d at 1350-51 (recognizing the efficiencies and convenience of consolidation and transfer to parties and witnesses, as well as judicial economy and consistency of rulings that benefits parties, witnesses and the courts, in price-fixing antitrust litigation with multiple defendants); *accord In re Publication Paper Antitrust Litig.*, 346 F. Supp. 2d 1370, 1372 (J.P.M.L. 2004).

Finally, consolidation and transfer will also serve the interests of both judicial economy and consistency. Consolidation and transfer will mean that only one judge will need to oversee the proceedings. Assigning a single judge will ensure that the legal issues raised in this case, such as class certification and the application of antitrust laws to the aviation industry, are addressed in a consistent manner. *See In re Polychloroprene Rubber*, 360 F. Supp. 2d at 1350-51; *In re Publication Paper*, 346 F. Supp. 2d at 1372; *see also In re Humana Inc. Managed Care Litig.*, 2000 WL 1925080 at *3 (J.P.M.L. Oct. 23, 2000) (recognizing that even when there exist certain factual differences between the

claims against different defendants, consolidation and transfer to a single judge is still appropriate when there are overarching claims against the defendants that involve significantly similar factual bases.); *see also In re Urethane Antitrust Litig.*, MDL No. 1616 (J.P.M.L. Transfer Order – June 16, 2005) at *2; *In re Pharmacy Benefit Managers Antitrust Litig.*, 452 F. Supp. 2d 1352, 1353 (J.P.M.L. 2006).

Each criterion listed in Section 1407(a) is, therefore, satisfied, and the Panel should order that all pending and future Transpacific Air Passenger Cases be consolidated and transferred to the Northern District of California. It is likely that every party who will file papers relating to requests for consolidation and transfer will acknowledge as much, and the only disputed issue will be which district is the most appropriate transferee forum.

**B.     The Northern District of California is the Most Appropriate Transferee Forum for The Transpacific Air Passenger Cases**

The Panel has articulated numerous factors for selecting the most appropriate transferee forum, including:

- The district with the most underlying cases. *See, e.g., In re Republic National-Realty Equities Securities Litig.*, 382 F.Supp. 1403, 1406 (J.P.M.L. 1974).

- The district in which the first case was filed. *See, e.g., In re Ford Motor Co. Speed Control Deactivation Switch Products Liability Litig.*, 398 F. Supp. 2d 1365 (J.P.M.L. 2005).

- The consensus of multiple parties from different districts regarding the most appropriate transferee forum. *See, e.g., In re Oxycontin Antitrust Litig.*, 314 F. Supp. 2d 1388, 1390 (J.P.M.L. 2004).

- The convenience of the district to the parties and witnesses. *See, e.g., In re Polychloroprene Rubber*, 360 F. Supp. 2d at 1350.

- The condition of the district's court dockets. *See, e.g., In re Pressure Sensitive Labelstock*, 290 F. Supp.2d at 1376.
- The familiarity of the district with the relevant factual and legal issues, including an ability to use such familiarity to expedite pretrial proceedings. *See, e.g., In re Aviation Products Liability Litigation*, 347 F. Supp. 1401, 1404 (J.P.M.L. 1972); *see also In re Humana Inc. Managed Care*, 2000 WL 1925080 at *3; *In re Urethane Antitrust Litig.*, MDL No. 1616 Transfer Order at *2; *In re Pharmacy Benefit Managers*, 452 F. Supp. 2d at 1353.

Overall, these factors favor assignment of all pending and future Transpacific Air Passenger Cases to the Northern District of California.

### 1. The First-Filed Case and The Number of Underlying Cases Filed Favor The Northern District of California

On November 6, 2007, Plaintiffs filed the first case alleging a price-fixing conspiracy against these Defendants, *Wortman, et al. v. Air New Zealand, et al.*, (Case No. CV 07-5634 EDL), in the Northern District of California. On November 8, 2007, plaintiffs Andrew Barton and Tracey Wadmore Smith filed an action with similar claims in the Central District of California. Therefore, the same number of cases have been filed in the Northern District of California and the Central District of California. Park Decl., Exh. C [Schedule of Actions]. Pursuant to *In re Republic National-Realty Equities, supra,* and *In re Ford Motor Co. Speed Control, supra,* these facts weigh in favor of transferring the consolidated Transpacific Air Passenger Cases to the Northern District of California.

### 2. The Northern District of California is Convenient to the Parties and Witnesses And Has a Significant Nexus to the Conduct Alleged in the Transpacific Air Passenger Cases

The Northern District of California is convenient to the parties and witnesses, and the district has a significant nexus with the conduct alleged in the Transpacific Air

Passenger Cases. San Francisco International Airport ("SFO"), which is within the Northern District of California, is a major hub for international air travel generally – especially air travel involving flights on trans-Pacific routes. *See* www.flysfo.com/web/page/about (SFO is one of the world's 30 busiest airports). Therefore, there are likely significant numbers of putative class members who used an air passenger ticket subject to the alleged price-fixing either to fly directly on an SFO to Asia Pacific route, or to fly on an international route that otherwise included SFO segment.

The only other district that has both a substantial number of direct US-Asia Pacific flights <u>and</u> operates as a major hub for international air travel is the Central District of California, which contains Los Angeles International Airport. But other than this factor that places the Central District of California on a similar footing with the Northern District of California, the Central District of California does not prevail over the Northern District of California in any of the other above-referenced criteria.

3.  **Docket Conditions for The Northern District of California Indicate That the Transpacific Air Cases Can Be Efficiently Handled**

Transfer to the Northern District of California is a more efficient use of judicial facilities and manpower. Although the other possible transferee courts are unquestionably capable of adjudicating a consolidated proceeding and have many experienced jurists, the Northern District of California is a better forum for a consolidated proceeding because: (1) it enjoys general docket conditions that are materially comparable to or more favorable than the conditions of other potential transferee courts; and (2) the Transpacific Air Passenger Cases would be handled by Judge Breyer, who is already familiar with the factual and legal issues likely to arise in the Transpacific Air Passenger Cases.

In comparison to other potential transferee forums, the court docket for the Northern District of California is more efficient across the board. The median time from

civil case filing to disposition in the Northern District of California is 7.5 months, the time from filing to trail is 25 months, and only 7.3% of all pending cases in that district are more than three years old. There are zero vacant judgeship months in the Northern District of California. *See* Federal Judicial Center's Federal Court Management Statistics for 2006 (www.uscourts.gov/cgi-bin/cmsd2006.pl).

Those same Federal Court Management Statistics for 2006 reveal that while the median time in the Central District of California from filing to disposition is 7.2 months, and the time from filing to trial is 21.3 months, that district's docket is more congested than the Northern District of California's, with 11.6% of the cases pending in the Central District being more than three years old, and the bench suffering from 53.9 vacant judgeship months. *See id.*

Indeed, this Panel has previously acknowledged that the Northern District of California is well suited to handling a passenger airline price-fixing case. *See In re Intern. Air Transp. Surcharge Antitrust Litig.*, 460 F. Supp. 2d, 1337, 1379 (J.P.M.L. 2006) ("(i) the [British Airways Cases] in that district (which comprise the largest number of actions and potential tag-along actions pending in any single district in this docket) are already proceeding apace before an able judge experienced in the management of complex and multidistrict litigation; and (ii) *the district is well equipped with the resources that this complex antitrust docket is likely to require.*" *Id.* at 1379 (emphasis added).

Therefore, under *In re Pressure Sensitive Labelstock, supra,* the Northern District of California is an especially appropriate transferee forum.

### 4. Judge Breyer is Already Familiar With The Factual and Legal Issues Likely to Arise in the Transpacific Air Cases

Perhaps the most important factor here is that in addition to overall docket conditions indicating that the Transpacific Air Passenger Cases will be efficiently handled

by the Northern District of California, the particular procedural posture of these cases is such that the Panel's assignment to that district should also result in the cases being assigned to a judge that is particularly qualified to "promote the just and efficient conduct of such actions." As explained above, in October 2006, this Panel assigned to Judge Breyer the MDL case *In re International Air Transportation Surcharge*. That antitrust class action is based on British Airways and certain other airlines allegedly fixing the prices of air passenger tickets. *In re Intern. Air Transp. Surcharge*, 460 F.Supp.2d at 1378-79.

In reaching its decision to send those British Airways Cases to Judge Breyer, the Panel considered requests to consolidate and transfer to nine other districts. Selecting the Northern District of California as the most appropriate transferee forum, the Panel explained: "(i) the [British Airways Cases] in that district (which comprise the largest number of actions and potential tag-along actions pending in any single district in this docket) are already proceeding apace *before an able judge experienced in the management of complex and multidistrict litigation*; and (ii) the district is well equipped with the resources that this complex antitrust docket is likely to require." *Id.* at 1379 (emphasis added).

Since the Panel's October 2006 order was entered, Judge Breyer has been able to gain familiarity with factual and legal issues relating allegations of airlines fixing the prices of air passenger tickets, including in the form of surcharges.

Judge Breyer granted motions by plaintiffs from the Korean Air cases filed in the Northern District of California to have their cases deemed related to *In re International Air Transportation Surcharge*. The DOJ had only weeks earlier announced that the respective primary Defendants in each of those cases – Korean Air and British Airways – had agreed to enter guilty pleas to fixing fuel surcharges on their international passenger flights. Both Korean Air and British Airways actually entered guilty pleas during the

same week Judge Breyer's orders were issued. Park Decl., Exh. D (N.D. Cal. *In re International Air Transportation Surcharge* Docket Sheet].

Since Judge Breyer was already presiding over the air passenger price-fixing class action relating to British Airways (and other airlines), it would have been an inefficient use of the judiciary's resources to have other judges in the district preside over the air passenger price-fixing class action relating to Korean Air (and Asiana). Not relating the cases also would have run the risk of there being inconsistent legal rulings in cases with similar facts. *See In re Aviation Products*, 347 F. Supp. at 1404; *In re Polychloroprene Rubber*, 360 F. Supp. 2d at 1350-51; *In re Publication Paper*, 346 F. Supp. 2d at 1372.

The plaintiffs in the Korean Air Cases who filed motions to relate their claims to the *In re International Air Transportation Surcharge* case made it clear that their primary concern was that both sets of cases be deemed related so that – for purposes of judicial efficiency and consistency – Judge Breyer could preside over all class actions involving allegations of airlines fixing air passenger prices, particularly in the form of fuel surcharges. *See In re Aviation Products*, 347 F. Supp. at 1404; *In re Polychloroprene Rubber*, 360 F. Supp. 2d at 1350-51; *In re Publication Paper*, 346 F. Supp. 2d at 1372.

In sum, for the same reasons that Judge Breyer related the Korean Air cases in the Northern District of California to *In re International Air Transportation Surcharge* and assigned those Korean Air cases to himself (i.e., judicial efficiency and consistency), this Panel should place significant weight on the fact that Judge Breyer is already presiding over that 2006 airline antitrust MDL case, and therefore assign the Transpacific Air Passenger Cases to the Northern District of California and Judge Breyer.

///

///

## IV. CONCLUSION

For the reasons set forth above, the Panel should consolidate and transfer all pending and future Transpacific Air Passenger Cases to the Northern District of California and to Judge Charles R. Breyer.

Dated: November 15, 2007          Respectfully Submitted,

By: _____

Joseph W. Cotchett
Steven N. Williams
Nanci E. Nishimura
Aron K. Liang
Douglas Y. Park
**COTCHETT, PITRE & McCARTHY**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000

Walter J. Lack
Elizabeth L. Crooke
Richard P. Kinnan
**ENGSTROM LIPSCOMB & LACK**
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067
Telephone: (310) 552-3800