# EXHIBIT "D"

Case 3:07-cv-06357-CRB   Document 8-5   Filed 12/21/2007   Page 1 of 7

| | |
|---|---|
| 1 | MAYER BROWN LLP |
| | Richard J. Favretto, Esq. |
| 2 | rfavretto@mayerbrown.com |
| | John Roberti, Esq. |
| 3 | jroberti@mayerbrown.com |
| | 1909 K Street, NW |
| 4 | Washington, DC 20006 |
| | Telephone:   (202) 263-3000 |
| 5 | Facsimile:   (202) 263-3300 |

MAYER BROWN LLP
Edward D. Johnson, Esq. (SBN 189475)
   wjohnson@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:   (650) 331-2000
Facsimile:   (650) 331-2060

Attorneys for Defendant United Air Lines, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re INTERNATIONAL AIR TRANSPORTATION SURCHARGE ANTITRUST LITIGATION | Master File No. 06-cv-1793-CRB<br><br>MDL No. 1793<br><br>**DEFENDANT UNITED AIR LINES, INC.'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO RELATE CASES** |
| This Document Relates to:<br><br>ALL ACTIONS. | |

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO RELATE CASES
Master File No. 06-cv-1793-CRB

Defendant United Air Lines, Inc. ("United") respectfully submits this Opposition to the Motion of Plaintiffs in *Thomas Schelly, et al. v. Air New Zealand, et al.*, Case No. C-07-6071-MMC ("*Schelly*") to relate cases to the above-captioned proceedings.

## INTRODUCTION

The *Schelly* plaintiffs properly seek to have their newly-filed action related to three other actions involving *trans-Pacific* flight routes (*e.g.*, those between Los Angeles and Asia): *Wortman, et al. v. Air New Zealand, et al.*, Case No. C-07-5634-EDL; *Maloof v. Air New Zealand, et al.*, Case No. C-070-5811-MJJ; and *Ajaye, et al. v. Air New Zealand, et al.*, Case No. C-07-5911-JSW (collectively with *Schelly*, the "Trans-Pacific Route Cases").[1]

However, the *Schelly* plaintiffs also erroneously seek to have the *Trans-Pacific* Route Cases related to the instant cases which involve *trans-Atlantic* and other routes *from the UK* (the "UK Route Cases"). The Trans-Pacific Route Cases are simply not related to the UK Route Cases now before this Court.

While *Schelly* happens to make antitrust allegations against several airlines, it shares no salient features in common with the UK Route Cases. Specifically, *Schelly*:

- names a *completely different set of defendants*.
- has been brought by a *completely different set of plaintiffs*.
- alleges an *entirely different purported class and class period*.
- is based on a *completely different set of* flight routes *on the opposite side of the globe*.
- alleges a *circumstantial* conspiracy based on *purported parallel conduct and opportunity to collude*, in contrast to the instant UK Route Cases, which are based on allegations of improper *direct* communications and an *explicit* agreement between two airlines – British Airways and Virgin – neither of which are defendants in *Schelly*.

Finally, the Trans-Pacific Route Cases are the subject of a new Multidistrict Litigation action (MDL-1913), filed by the plaintiffs in *Wortman*. No date has yet been set for the hearing. The Trans-Pacific Route Cases may be assigned to a different judge or district, thereby

---

[1] Arguments in this opposition relating to *Schelly* apply equally to the other Trans-Pacific Route Cases. Moreover, the *Schelly* plaintiffs do not mention another, nearly identical trans-Pacific case, *Evans, et al. v. Air New Zealand, et al.*, Case No. 07-cv-05821-VRW, filed on November 19, 2007.

precluding any argument that relating these cases to the UK Route Cases could result in administrative efficiencies.

As a result, the *Schelly* plaintiffs fail to satisfy the requirements for relatedness set forth in Local Rule 3-12(a). Because *Schelly* does not concern the same parties, property, transactions or events as the UK Route Cases, relating *Schelly* will do nothing to make administration of the cases more efficient. L.R. 3-12(a).

For these reasons, *Schelly* does not meet any of the Local Rule 3-12 criteria necessary to relate it to the UK Route Cases and, therefore, should not be deemed related.

## *SCHELLY* DOES NOT MEET THE LOCAL RULES' STANDARD FOR RELATEDNESS

Local Rule 3-12(a) provides that cases are related if: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges. Neither of those requirements is met here.

### A. *Schelly* Has Different Parties Than The Instant Cases.

*Schelly* names a host of defendants that are not involved in the UK Route Cases: Air New Zealand, All Nippon Airways, Cathay Pacific Airways, China Airlines, EVA airways, Japan Airlines International, Malaysia Airlines, Northwest Airlines, Qantas Airways, Singapore Airlines, and Thai Airways. (*Schelly* Class Action Complaint ("Schelly Compl.") ¶¶ 13-23.) Meanwhile, the UK Route defendants are: British Airways PLC, Virgin Atlantic Airways Limited, AMR Corporation, United, and American Airlines, Inc. (*International Air Transportation* First Consolidated Amended Complaint ("IAT Compl.") ¶¶ 21-25.) Only United was named in both *Schelly* and the UK Route Cases, but United reminds the Court that it is a party in name only in the UK Route Cases. United settled the claims against it in the UK Route Cases in August 2006, long before the Consolidated Amended Complaint was filed (in a settlement in which United paid nothing in damages). Moreover, an independent and objective neutral hired by the UK Route plaintiffs to evaluate the fairness of their settlement with United

concluded that United was not involved in the alleged UK Route cartel.[2] All UK Route parties have consented to relieve United of any pleading or discovery responsibilities pending the approval of that settlement. Thus, there is no longer even that single common defendant between *Schelly* and the UK Route Cases.

There also is no overlap between the named plaintiffs in the two proceedings. The named plaintiffs in the UK Route Cases are Kambiz Pahlavan, Frederick Waters, Maureen Ann Waters, and Deborah Holley. (IAT Compl. ¶¶ 48, 105, 157.) The named plaintiffs in *Schelly* are Thomas Schelly, Michael Benson, and Tori Kitagawa. (Schelly Compl. ¶¶ 10-12.) And, while both are purported class actions, the classes are defined completely differently.[3] In *Schelly*, the class is defined as all those who "purchased passenger air transportation, for long haul *transpacific* flights[.]" (Schelly Compl. ¶ 27 (emphasis added).) In the UK Route Cases, the class is defined as those who purchased passenger air transportation that included a flight "*between the United States and the United Kingdom*," or "*between the United Kingdom and any destination*." (IAT Compl. ¶ 17 (emphasis added).) These are opposite sides of the world.

Thus, the two actions do not concern "substantially the same parties."

### B. The Cases Involve Different "Property, Transactions or Events."

Since *Schelly* and the UK Route Cases allege unrelated conduct in different parts of the world at different time periods, they do not concern the same "property, transactions or events."

It is clear from the face of the respective complaints that these cases concern unrelated conduct on opposite sides of the world: trans-Pacific flights (in particular, flights to and from LAX and SFO) versus flights between the United Kingdom and the United States or elsewhere. (Schelly Compl. ¶ 27; IAT Compl. ¶ 17.) Indeed, the cases are so different that the IAT Complaint actually contrasts the alleged "conspiratorial conduct" of the defendants in the UK Route Cases to the *competitive* conduct of airlines that are named as defendants in *Schelly*. (*See, e.g.*, IAT Compl. ¶ 38 ("competitor airline Cathay Pacific actually lowered its Fuel Surcharge rates for long and short haul flights").) Taking the *Schelly* allegations on their face, Cathay

---

[2] United expects these findings to be filed when the motion for preliminary approval of the settlement is filed.
[3] These actions have not been certified to proceed on a class basis.

Pacific is alleged to have participated in price-fixing in *trans-Pacific* flights at the same time that the IAT complaint says Cathay Pacific lowered fuel surcharge rates in its *UK* routes, an example which highlights how different the two cases are.

*Schelly* and the UK Route Cases also allege different conduct by defendants. The UK Route Cases allege that British Airways and Virgin Atlantic engaged in improper *direct* communications and thereby *explicitly* fixed fuel surcharges. (*See, e.g.,* IAT Compl. ¶¶ 32-36.) In contrast, *Schelly* alleges that the defendants engaged in a conspiracy as purportedly evidenced by *circumstantially parallel conduct* and *purported opportunity to collude* through industry meetings and organizations. (*See, e.g.,* Schelly Compl. ¶¶ 48-66.)

Finally, even the relevant time periods of the cases are different. The proposed class period in the UK Route Cases is May 1, 2004 to February 28, 2006. (IAT Compl. ¶ 1.) The proposed class period in *Schelly* is May 2004 to August 2007 – fully eighteen months longer than the UK Route proposed class period. (Schelly Compl. ¶ 2.)

### C. Given the Differences in Underlying Facts, Legal Claims and Parties, There Is No Risk of an Unduly Burdensome Duplication of Labor and Expense or Conflicting Results.

Because the cases involve different claims of wrongdoing committed by different groups of defendants on opposite sides of the globe, they will necessarily involve different legal and factual issues. Thus, there would be no extra burden in having different judges make the legal and factual determinations, and no legitimate risk of conflicting decisions.

The *Schelly* plaintiffs' main argument appears to be that relating their case to the UK Route Cases would avoid duplication because, they claim, the two proceedings will involve "essentially the same analysis" concerning "the fact and amount of antitrust damages – i.e., the analyses which will be conducted by the Plaintiffs and Defendants to establish whether consumers were charged more for air transportation as a result of the alleged price fixing conspiracy." (*Schelly* Pl.'s Admin. Mot. at 3.)

However, antitrust damages analysis must focus on the individual characteristics of the alleged markets concerned. *See, e.g., Burkhalter Travel Agency v. MacFarms Int'l, Inc.*, 141

F.R.D. 144, 154 (N.D. Cal. 1991) ("As this action is about price-fixing activities conducted by defendants, grouping purchasers in all of these sub-markets together ignores the crucial differences in how defendants set prices for different purchasers."). Here, as a result of the dissimilarity between the parties, the disparity in the alleged conduct and the widely differing geographies involved, any damages analyses cannot be expected to have more in common than any two antitrust cases that happen to involve commercial airlines.

Moreover, unlike the instant UK Route Cases, there are no guilty pleas relating to the subject matter of the *Schelly* complaint. Therefore, before plaintiffs even reach the damages stage, they must carry a heavy burden on liability. Since *Schelly* appears to allege nothing more than parallel conduct, plaintiffs will have a difficult time surviving a motion to dismiss in light of the Supreme Court's recent decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007). And, even if their claims survive, the *Schelly* complaint raises defenses including sovereign immunity, bankruptcy discharge, immunity for alliances granted by the U.S. Department of Transportation, and numerous other defenses that are not at issue in the UK Route Cases. Thus, there is little risk of unduly burdensome duplicative labor or conflicting results if the cases are not related. L.R. 3-12(a)(2).

Finally, the Trans-Pacific Route Cases may be assigned to a different judge or district as a result of a recent motion before the Judicial Panel on Multidistrict Litigation (MDL-1913) filed by the plaintiffs in *Wortman*, seeking consolidation and transfer of the individual Trans-Pacific Route actions. In the interest of efficiency, the Court should defer a ruling until after the Judicial Panel on Multidistrict Litigation has ruled.

## CONCLUSION

For the foregoing reasons, the criteria for related cases set forth in Local Rule 3-12 are not met, and United respectfully requests that the *Schelly* plaintiffs' Motion be denied.

DATED: December 7, 2007          MAYER BROWN LLP

By: _____/s/_____
Edward D. Johnson
Attorneys for Defendant United Air Lines