1  Jesse Markham (CA State Bar No. 087788)
   Adam Brezine (CA State Bar No. 220852)
2  HOLME ROBERTS & OWEN LLP
3  560 Mission St.
   25th Floor
4  San Francisco, CA  94105
   Tel:    (415) 268-2000
5  Fax:    (415) 268-1999
6
   Douglas Rosenthal
7  Yang Chen
8  Mitch Stoltz
   CONSTANTINE CANNON
9  450 Lexington Avenue
   New York, NY 10017
10 Tel:    (212) 350-2700
11 Fax:    (212) 350-2701

12 *Attorneys for Defendant All Nippon Airways Co., Ltd.*

13            **UNITED STATES DISTRICT COURT**

14   **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

15

| | |
|---|---|
| 16  WOODROW CLARK II, JAMES EVANS, individually and on behalf of all others similarly situated, | Case No. CV-07-6357 (MMC) |
| 17 | **STIPULATED REQUEST TO VACATE DATES IN CASE MANAGEMENT CONFERENCE ORDER PENDING TRANSFER OF CASE UNDER JPML TRANSFER ORDER IN MDL 1913** |
| 18       Plaintiffs, | |
| 19       vs. | |
| 20  AIR NEW ZEALAND, ALL NIPPON AIRWAYS, CATHAY PACIFIC AIRWAYS, CHINA AIRLINES, EVA AIRLINES, JAPAN AIRLINES INTERNATIONAL, MALYASIA AIRLINES, NORTHWEST AIRLINES, QANTAS AIRWAYS, SINGAPORE AIR, THAI AIRWAYS, UNITED AIRLINES, | |
| 24       Defendants. | |

25

26

27

28

99947.1

1    A.    On February 7, 2008, this Court entered its Case Management Conference Order,

2    setting a Case Management Conference for March 21, 2008, at 10:30 a.m. Under that order, the

3    parties are to file a joint case management statement by March 14, 2008.

4    B.    On February 19, 2008, the Judicial Panel on Multidistrict Litigation entered its

5    Transfer Order in MDL 1913, *In re: Transpacific Passenger Air Transportation Antitrust*

6    *Litigation.* A copy of the Transfer Order is attached hereto as Exhibit A.

7    C.    The Transfer Order pertains to certain actions, like the present case, which share

8    "factual questions relating to allegations that various airline defendants conspired to fix the price

9    of passenger airfares for flights between the United States and transpacific destinations in

10   violation of the Sherman Act." Transfer Order, p. 1. The order further states that "[c]entralization

11   under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings,

12   especially with respect to class certification; and conserve the resources of the parties, their

13   counsel and the judiciary." Id.

14   D.    Under the Transfer Order, the similar cases are to be transferred to and consolidated

15   before the Hon. Charles R. Breyer of this District, before whom is pending the earliest-filed case,

16   *Wortman, et al. v. Air New Zealand*, et al., Case No. 3:07-5634.

17   E.    The Transfer Order does not directly address the present case, or numerous other

18   similar cases pending in this District and elsewhere. The parties to this stipulation agree that this

19   case should be treated as part of the MDL proceeding, and the parties intend to file a Motion for

20   Administrative relief before Judge Breyer seeking to have this case, and other similar cases

21   pending in this District, treated as "related cases" to the earliest-filed *Wortman* case, and

22   transferred to Judge Breyer under the MDL Transfer Order. It is unlikely, however, that the

23   motion will be filed and ruled on before the case management conference statement is due in this

24   case.

25   ///

26   ///

27   ///

28   ///

#36035 v1          **STIPULATED REQUEST TO VACATE DATES IN CMC ORDER**

1      Therefore, Plaintiff and Defendant All Nippon Airways Co., Ltd., by and through their

2  respective counsel of record, hereby request as follows:

3      1.      That the dates set in this Court's February 7, 2008 Case Management Conference

4  Order be vacated, including the deadlines related to ADR Certification and an ADR process, in

5  anticipation of the transfer of this case to Judge Breyer under the Transfer Order.

6      IT IS SO STIPULATED.

7  DATED:  March 7, 2008          By:          /s/ Brian Barry
                                                  Brian Barry
8                                                 LAW OFFICES OF BRIAN BARRY
                                                  1801 Avenue of the Stars, Suite 307
9                                                 Los Angeles, CA 90067
                                                  Telephone:   (310) 788-0831
10                                                Facsimile:   (310) 788-0841

11
                                                  *Attorneys for Plaintiffs*
12

13  DATED:  March 7, 2008          By:          /s/ Adam Brezine
                                                  Adam Brezine
14                                                HOLME ROBERTS & OWEN LLP
                                                  560 Mission St.
15                                                25th Floor
                                                  San Francisco, CA  94105
16                                                Tel:   (415) 268-2000
                                                  Fax:  (415) 268-1999
17

18
                                                  Yang Chen
19                                                CONSTANTINE CANNON
                                                  450 Lexington Avenue
20                                                New York, NY 10017
                                                  Telephone:   (212) 350-2700
21                                                Facsimile:   (212) 350-2701

22
                                                  *Attorneys for Defendant All Nippon Airways*
23                                                *Co., Ltd.*

24  SO ORDERED:

25

26  _____

27  United States District Judge

28

#36035 v1          **STIPULATED REQUEST TO VACATE DATES IN CMC ORDER**

1

ATTESTATION OF CONCURRENCE IN FILING

2          Pursuant to N.D. Cal. General Order No. 45, section 45 X(B), I, Adam Brezine, hereby

3   attest that concurrence in the filing of this stipulation and proposed order has been obtained from

4   Counsel for Plaintiffs and the Proposed Class who has provided the conformed signature above.

5

6                                              HOLME ROBERTS & OWEN LLP

7                               By:    _____

8                                              Adam Brezine

9                                              *Attorneys for Defendant All Nippon*
                                               *Airways Co., Ltd.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# EXHIBIT A

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**Feb 19, 2008**

FILED
CLERK'S OFFICE

**IN RE: TRANSPACIFIC PASSENGER AIR**
**TRANSPORTATION ANTITRUST LITIGATION**

Donald Wortman, et al. v. Air New Zealand, et al., )
    N.D. California, C.A. No. 3:07-5634        )
Andrew Barton, et al. v. Air New Zealand, et al., )
    C.D. California, C.A. No. 2:07-7392       )

MDL No. 1913

**TRANSFER ORDER**

**Before the entire Panel**: Plaintiffs in the Northern District of California *Wortman* action
have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of
this litigation in the Northern District of California. All responding parties agree that this district
is the most appropriate transferee district for this litigation, but variously advocate selection of three
different Northern District of California judges as the MDL No. 1913 transferee judge.

This litigation currently consists of two actions, one action each in the Northern District of
California and the Central District of California.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve
common questions of fact, and that centralization under Section 1407 in the Northern District of
California will serve the convenience of the parties and witnesses and promote the just and efficient
conduct of this litigation. These actions share factual questions relating to allegations that various
airline defendants conspired to fix the price of passenger airfares for flights between the United
States and transpacific destinations in violation of the Sherman Antitrust Act. Centralization under
Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially
with respect to class certification; and conserve the resources of the parties, their counsel and the
judiciary.

We are persuaded that the Northern District of California is an appropriate transferee forum
for this litigation, because (1) all responding parties agree that the Northern District of California
is a suitable transferee district; (2) one constituent action and thirteen potential tag-along actions
are already pending there; and (3) Judge Charles R. Breyer has the experience to steer this docket
on a prudent course.

---

[1] The Panel has been notified of thirteen potentially related actions pending in the Northern District
of California. In light of the Panel's disposition of this docket, these actions will be treated as
potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Central District of California is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |